937 F.2d 623
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Stephen J. QUIRING, Petitioner,
v.
UNITED STATES POSTAL SERVICE, Respondent.
 No. 91-3033.
 United States Court of Appeals, Federal Circuit.
 June 7, 1991.
 
 Before RICH, MAYER and CLEVENGER, Circuit Judges.
 PER CURIAM.
 
 DECISION
 
 1
 Stephen J. Quiring (Quiring) appeals from the May 2, 1990 Initial Decision of the Administrative Judge (AJ) in Docket No. PH07529010192, which became the final decision of the Merit Systems Protection Board (Board) when it denied review on September 21, 1990. We affirm.
 
 OPINION
 
 2
 Affirming the agency's demotion of Quiring, the AJ found that portion of the charge that Quiring had submitted fraudulent street supervision claims totalling $87.50[1] to have been established by a preponderance of the evidence, and that Quiring intentionally submitted those claims in order to obtain monies to which he was not entitled. With respect to credibility, the AJ specifically rejected Quiring's testimony that he had performed street supervision on the days in question as improbable and against the greater weight of the evidence. Reviewing the penalty imposed in light of the factors set forth in Douglas v. Veterans Admin., 5 MSPR 280, 305-06 (1981), the AJ concluded that Quiring's demotion was appropriate and reasonable under the circumstances, and was warranted to promote the efficiency of the service.
 
 
 3
 We do not find the AJ's decision to be arbitrary, capricious, an abuse of discretion, contrary to law, or unsupported by substantial evidence. 5 USC 7703(c). As explained in his opinion, the AJ made his findings based upon testimony at the administrative hearing and documentary submissions of the parties. Quiring challenges various of these findings, yet has not supplied this court with a transcript of the administrative hearing as required by Fed.R.App.P. 10(b)(2) [Fed.Cir.R. 10(b)(2) ].[2] Thus, the challenged findings, based upon hearing testimony, stand unrefuted.
 
 
 4
 Quiring vehemently asserts that the government improperly "changed the charges" from (1) submission of duplicate claims to (2) submission of claims for supervision on Sundays and non-scheduled days, based solely upon information supplied in timecards submitted by the government for the first time at the administrative hearing. We can not agree. The "charge" against Quiring has never been changed: submission of fraudulent claims for street supervision. Moreover, all dates on which the AJ found that Quiring had submitted fraudulent claims appear on the claim reimbursement forms (1164's) of record; those forms are signed and certified to by Quiring. Lastly, we note that in addition to the fraudulent claims for supervision on Sundays and non-scheduled days, the AJ found that Quiring had submitted nine duplicate claims totalling $58.50. Those duplicate entries were among the entries specifically referred to in the agency's Notice of Proposed Removal, and therefore cannot possibly represent a "changed" charge.
 
 
 
 [1]
 It appears that the total amount should be $97.50 (the sum of $19.50, $19.50 and $58.50), not $87.50 as stated in the AJ's decision
 
 
 [2]
 Fed.R.App.P. 10(b)(2) provides:
 If the appellant intends to urge on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the evidence, the appellant shall include in the record a transcript of all evidence relevant to such finding or conclusion.